IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STEPHEN R. MAYES            )
                            )
   v.                       )   NO.   1:20-00057
                            )
DR. ELAINE RODELA, et al.   )

TO:  Honorable William L. Campbell, Jr., District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 8, 2021 (Docket Entry No. 7), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 30) of Defendant Keith Ivens, to which Plaintiff has not responded. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that Defendant Ivens be dismissed from this action.

## I. BACKGROUND

Stephen R. Mayes ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On September 21, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983 against SCCF Warden Grady Perry ("Perry"), SCCF Medical Director Dr. Keith Ivens ("Ivens"), and SCCF Physician Dr. Elaina Rodela ("Rodela"). *See* Complaint (Docket Entry No. 1). Plaintiff asserts that he suffers from several medical conditions,

including hypertension, diabetes type II, heart disease, heart failure, prior heart attacks, hyperlipidemia, depression, and anxiety, *id.* at 7, and that Defendants have violated his Eighth Amendment rights by failing to provide him with proper medical care. Specifically, Plaintiff alleges that he was not treated after suffering a heart attack at the SCCF, he was not taken for an appointment that was scheduled with a cardiologist outside the prison system, and he has been denied a transfer to TDOC's special needs facility, which he contends is better equipped to provide medical care to inmates suffering from serious heart conditions. *Id.* at 6-9. The only relief sought by Plaintiff in his complaint is to be transferred to the Lois M. DeBerry Special Needs Facility.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated an arguable Eighth Amendment claim against Defendants Ivens and Rodela but failed to state a claim against Defendant Perry, whom the Court dismissed from the action. *See* Order (Docket Entry No. 7) and Memorandum (Docket Entry No. 6).[1] Subsequent to the Court's initial review, Plaintiff filed an amended complaint that raised new inadequate medical care claims against Defendant Rodela based upon events occurring after his complaint was filed and that asserted a claim for monetary damages against Rodela. *See* Amended Complaint (Docket Entry No. 11). In his amended complaint, Plaintiff demands a jury trial.

An answer has been filed by Defendant Rodela, *see* Docket Entry No. 24, and a scheduling order has been entered, providing the parties with a period for pretrial activity in the

---

[1] Upon initial review, the Court found that Plaintiff's allegations were sufficient to meet the imminent danger exception to the three strikes rule under 28 U.S.C. §1915(g). *See* Memo at 6-8.

action.  *See* Docket Entry No. 35.   In lieu of an answer, Defendant Ivens has filed the pending motion to dismiss.

## II.  MOTION TO DISMISS

Defendant Ivens seeks dismissal under Rule12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff fails to state a claim for relief against him.   Ivens argues that the allegations in Plaintiff's pleadings are not sufficient to show that Ivens took any action, or failed to take any actions, in a manner that was deliberately indifferent to Plaintiff's serious medical needs and violated Plaintiff's Eighth Amendment rights.   Ivens contends that Plaintiff's amended complaint is directed solely at Defendant Rodela and that the original complaint contains minimal and conclusory allegations against Ivens and fails to include allegations of any actual conduct on the part of Ivens, let alone conduct that could be viewed as unconstitutional. Ivens also argues that dismissal is appropriate because Plaintiff has no constitutional right to be housed at any particular facility and that Ivens does not have the authority to require that Plaintiff be transferred, the only relief requested in the original complaint.

The Court notified Plaintiff of the need to respond to the motion to dismiss and set a deadline of May 25, 2021, for Plaintiff to file a response to the motion.   *See* Order entered April 19, 2021 (Docket Entry No. 32).   To-date, Plaintiff has not filed a response of any kind.

## III.  STANDARD OF REVIEW

Defendant's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See*   *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th

3

Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual grounds supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

Defendant's motion to dismiss should be granted. First, although Plaintiff was specifically notified of the motion, given a response deadline, and warned of the need to respond, he has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Second, review of the motion shows that the motion has merit. For the purposes of resolving the motion to dismiss, the Court (1) presumes as true Plaintiff's allegations that he suffers from serious medical needs and did not receive the treatment, outside consultation, and facility transfer about which he complains and (2) presumes that Plaintiff's allegations are sufficient to show a violation of his Eighth Amendment rights. The question is whether Plaintiff has made sufficient factual allegations to state a claim of personal liability against Defendant Ivens for the unconstitutional conduct at issue. The Court finds that Plaintiff has not.

In order for a defendant to be held individually liable under 42 U.S.C. § 1983 there must be facts showing that the defendant was personally involved in some manner in the unconstitutional conduct at issue. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A defendant's supervisory position and/or right to control other employees cannot form the basis for a claim of individual liability because the theory of *respondeat superior* does not support a claim under Section 1983. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). To survive the motion to dismiss, Plaintiff must set out factual allegations that Defendant Ivens personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, *supra*; *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

There are no factual allegations in the complaint of any actual conduct that is attributed to Defendant Ivens, and he appears to have been named only because he is the SCCF Medical

5

Case 1:20-cv-00057   Document 43   Filed 07/15/21   Page 5 of 8 PageID #: 238

Director.[2]  As previously stated, liability under Section 1983 cannot be based upon the mere fact that a defendant holds a supervisory position.  There must be facts showing the direct, active participation by a supervisor in causing the alleged unconstitutional conduct at issue for personal liability under Section 1983 to exist.  *See Wingo v. Tennessee Dep't of Corr.*, 499 Fed.App'x 453, 455 (6th Cir. 2012).  Plaintiff has alleged no such facts.  As pointed out by Defendant Ivens in his supporting memorandum of law, *see* Docket Entry No. 31 at 5-6, the only references in the complaint to Ivens are two general and conclusory references that do not allege actual conduct on the part of Ivens.[3]  In the end, there is simply no basis other than speculation that underpins the claim brought against Defendant Ivens. Such a basis is not sufficient to state a claim for relief.  *See League of United Latin Am. Citizens, supra.*

In the absence of a response from Plaintiff that shows why his claim against Defendant Ivens should not be dismissed, it is not the duty of the Court to "abandon its position of

---

[2] Defendant Ivens is correct that the amended complaint is directed solely at the conduct of Defendant Rodela. However, the Court allowed the amended complaint as a supplement to Plaintiff's original pleading. *See* Order at Docket Entry No. 10.

[3] The entirety of Plaintiff's allegations concerning Defendant Ivens consist of the following:

> Dr. Ivens and Dr. Rodela are contract employees and I am unsure of the name of the company that employs them. Warden Perry is employed by CoreCivic and all defendants were deliberately indifferent to my serious medical needs while acting under color of law.

*see* Complaint at 6, and

> CoreCivic and Dr. Rodela and Ivens are being deliberately indifferent to my serious medical needs by not transferring me to a facility that can give me access to and provide the appropriate care I need to survive to be released by May 2026.

*Id.* at 8-9.

6

neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).[4]

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 30) of Defendant Keith Ivens be GRANTED and that Defendant Keith Ivens be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

---

[4] Given the absence in the complaint of any factual allegations that state a claim for relief against Ivens, it is unnecessary to address Iven's alternative arguments for dismissal.

7

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

8

Case 1:20-cv-00057   Document 43   Filed 07/15/21   Page 8 of 8 PageID #: 241