IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STEPHEN R. MAYES          )
                          )
    v.                    )    NO.   1:20-00057
                          )
DR. ELAINE RODELA, et al. )

TO:    Honorable William L. Campbell, Jr., District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

This prisoner civil right action was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered January 8, 2021 (Docket Entry No. 7).

Presently pending before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry No. 68). For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

## I. BACKGROUND

Stephen R. Mayes ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On September 21, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983 against SCCF Warden Grady Perry ("Perry"), SCCF Medical Director Dr. Keith Ivens ("Ivens"), and SCCF Physician Dr. Elaina Rodela ("Rodela"). *See* Complaint (Docket Entry No. 1). Plaintiff asserts that he suffers from several medical conditions, including hypertension, diabetes type II, heart disease, heart failure, prior heart attacks, hyperlipidemia, depression, and anxiety, *id*. at 7, and that he had not been provided with proper medical care for these conditions. He specifically alleges in his complaint that he was not

treated after suffering a heart attack at the SCCF, was not taken for an appointment that was scheduled with a cardiologist outside the prison system, and has been denied a transfer to TDOC's special needs facility, which he contends is better equipped to provide medical care to inmates suffering from serious heart conditions. *Id*. at 6-9. Plaintiff supplemented his complaint with an amended pleading that (1) raises new inadequate medical care claims against Defendant Rodela based upon events occurring after his complaint was filed when he alleges that Rodela ignored his need for treatment while he was on suicide watch at the SCCF and (2) asserts a claim for monetary damages against Rodela. *See* Amended Complaint (Docket Entry No. 11).

Upon initial review of the lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court dismissed Defendant Perry. *See* Order (Docket Entry No. 7) and Memorandum (Docket Entry No. 6). By Order entered August 5, 2021 (Docket Entry No. 46), Defendant Ivens was dismissed from the action upon his motion.

After Defendant Rodela filed an answer (Docket Entry No. 24), a scheduling order and amended scheduling order were entered. *See* Docket Entry Nos. 35 and 47. By Order entered November 16, 2021 (Docket Entry No. 63), the Court granted Plaintiff's renewed motion for the appointment of counsel and directed the Clerk of Court to appoint counsel to Plaintiff from the civil appointments panel. Given the Court's directive that counsel be appointed, the Court stayed the deadlines set out in the amended scheduling order for the completion of discovery and the filing of discovery and dispositive motions and denied without prejudice several motions that

were then pending.[1]  To-date, the Clerk has been unable to locate counsel to represent Plaintiff, which is addressed by separate order.

Several months subsequent to the Court's November 16, 2021 Order, Plaintiff filed the pending *pro se* motion for preliminary injunctive relief.  Defendant Rodela has responded in opposition to the motion.  *See* Response in Opposition (Docket Entry No. 69).  Although the Court could deny the motion without prejudice as it did with Plaintiff's similar prior motion, in light of the Clerk of Court's difficulty in locating counsel to represent Plaintiff, the Court will address the motion so that resolution is not further prolonged.

## II.  MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

In his motion, Plaintiff essentially requests that the Court order that he be transferred to a "TDOC operated facility, preferably the special needs facility."  *See* Docket Entry No. 68 at 4. As grounds for this request, he asserts that several events have occurred since he filed the lawsuit that have caused him unnecessary stress and pressure.  He states that he fears for his life given his heart conditions and also fears being moved from his current housing assignment to a more dangerous housing assignment.  As examples of the events that have occurred, he contends that he was informed that he was "under investigation for the theft of 2 missing flash drives," that he was wrongfully accused by an inmate claimed of charging money for inmate legal work, that his cell and a room in the legal library have been searched, and that he was forced to stop typing a legal motion that he was attempting to draft.  *Id*. at 1-4.

---

[1] Defendant's motion to compel (Docket Entry No. 51) and Plaintiff's motions for the issuance of non-party subpoenas (Docket Entry Nos. 58, 59, and 60) and for a temporary restraining order/injunctive relief (Docket Entry No. 48).

## III. ANALYSIS

Plaintiff's motion should be denied. Even if the Court overlooks the procedural shortcomings of Plaintiff's motion, the motion fails on its merits because Plaintiff has not satisfied the stringent showing required for the relief that he requests. Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). As the moving party, Plaintiff has the burden of proving that the circumstances "clearly demand" an injunctive order. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a preliminary injunction or temporary restraining order, the Court must consider whether Plaintiff has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *See also Ohio Republican Party v. Brunner*, 543 F.3d. 357, 361 (6th Cir. 2008) (noting that the same four factors apply in determining whether to grant a temporary restraining order). These factors are to be balanced against one another. *Leary*, supra; *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).

Initially, Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of his action, which is a necessary showing. *See NAACP v. City of Mansfield,* 866 F.2d 162, 167 (6th Cir. 1989. At this point in the litigation, his likelihood of success on his

4

claims is no greater than that of Defendant Rodela. Furthermore, there is no showing that Defendant Rodela is able to grant the relief requested. Additionally, the events about which Plaintiff complains do not actually involve his medical care and the narrow claims in this case. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). That requisite link is missing here. The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional facility and the location of a prison inmate's housing. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry No. 68) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Judge's Order regarding this Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge