IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| STEPHEN R. MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:20-cv-00057 |
| | ) | |
| DR. ELAINA RODELA, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation. (Doc. No. 117). Through the Report, the Magistrate Judge recommends that Defendant's motion for summary judgment (Doc. No. 108) be granted and that this action be dismissed because of Plaintiff's failure to comply with the exhaustion requirement of the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. Plaintiff timely filed an objection to the Report and Recommendation. (Doc. No. 119). Defendant filed a response (Doc. No. 120), and Plaintiff filed a reply (Doc. No. 123). For the reasons discussed below, Plaintiff's objection is overruled, and the Report and Recommendation is adopted and approved.

## I.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

As noted above, the Magistrate concluded that Defendant's motion for summary judgment should be granted on the affirmative defense of failure to exhaust administrative remedies. In reaching that conclusion, the Magistrate Judge considered Plaintiff's argument that the TDOC grievance process was a dead end rendering the grievance process unavailable to him because "neither his request to be transferred to the DSNF nor his complaints about a lack of medical care are matters that can be grieved under the language of the TDOC grievance policy." (Doc. No. 117 at 9). The Magistrate Judge also considered Plaintiff's argument that the TDOC grievance process was a dead end rendering the grievance process unavailable to him because the TDOC grievance policy requires grievances to be filed within seven calendar days of the occurrence or the most recent occurrences giving rise to the grievance. (*See id.*). Plaintiff agreed, for purposes of summary judgment, that he did not submit any grievances concerning the allegations in the present lawsuit. (*See* Doc. No. 114 ¶ 146 at PageID # 1143).

The Magistrate Judge concluded that Plaintiff's arguments about the grievance process being unavailable were insufficient to avoid summary judgment in the present case because Plaintiff did not make efforts to use the TDOC grievance procedure concerning the events he now seeks to litigate as civil rights claims. (Doc. No. 117 at 10). In support, the Magistrate Judge correctly noted that "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered those remedies unavailable." (Doc. No. 117 at 10 (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011)). The Magistrate Judge concluded that "because Plaintiff chose not to even pursue a

grievance … he has no basis to now assert that the grievance process was unavailable to him." (*See* Doc. No. 117 at 10-12).

Plaintiff objects to the Magistrate Judge's finding that he failed to pursue the administrative remedies available to him. (*See* Doc. No. 119 at 9-14). More specifically, Plaintiff appears to take issue with the Magistrate Judge's determination that Plaintiff's failure to make affirmative efforts to exhaust the grievance process precluded a finding that the grievance process was unavailable to him. (*See id.*). To the extent Plaintiff claims the Magistrate Judge erred in her statement and/or application of the law on the issue of Plaintiff's compliance with the PLRA's exhaustion requirement, the Court disagrees.

"[T]he PLRA's exhaustion requirement "hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Coopwood v. Wayne Cnty., Michigan*, 74 F.4th 416, 422 (6th Cir. 2023) (citations and internal quotations omitted). "Specifically, an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain 'some relief for the action complained of.'" *Id.* (citations and internal quotations omitted). Nevertheless, the Sixth Circuit has been clear that "to comply with the PLRA's exhaustion requirement, an inmate must take advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on the merits in the first instance." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (citation and internal quotations omitted); *see also Richards v. Perttu*, 96 F.4th 911, 916 (6th Cir. 2024) ("[PLSR] requires proper exhaustion, which means using all steps that the agency holds out, and doing so properly.") (citation and internal quotations omitted).

3

"Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because this Circuit requires inmates to make 'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Lamb*, 52 F.4th at 293 (quoting *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)). "When a prisoner makes affirmative efforts to comply but does not succeed, we analyze whether those efforts to exhaust were sufficient under the circumstances." *Id*. (quoting *Lee*, 789 F.3d at 677).

Here, Plaintiff fails to direct the Court to any evidence in the record from which a reasonable juror could find that he made affirmative efforts to comply with the TDOC's administrative procedures for the grievance process. As such, the Court does not reach the issue of whether the grievance process was unavailable to Plaintiff. *See Lamb*, 52 F.4th at 293. For the foregoing reasons, Plaintiff's objection to the Report and Recommendation is **OVERRULED**.

The Court has reviewed the Report and Recommendation and concludes it should be **ADOPTED AND APPROVED**. Accordingly, Defendant's motion for summary judgment (Doc. No. 108) is **GRANTED** as to the PLRA exhaustion defense and this action is **DISMISSED** without prejudice. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE